Filing # 17403402 Electronically Filed 08/22/2014 11:10:05 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY
CIVIL DIVISION

BARBARA ANN LEWIS

        Plaintiff,

vs.                            CASE NO.: 12-6209-CI-21

CITY OF ST. PETERSBURG.,

        Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, BARBARA ANN LEWIS and sues the Defendant, CITY OF ST.

PETERSBURG, (hereinafter ST. PETERSBURG and/or Defendant) and states:

### JURISDICTION AND VENUE

1.     This is an action for damages which exceed Fifteen Thousand and 00/100ths Dollars

($15,000.00).

2.     Venue lies within Pinellas County because a substantial part of the events giving rise

to this claim arose in this Judicial District.

### PARTIES

3.     Plaintiff, BARBARA ANN LEWIS, is a resident of Pinellas County, Florida.

4.     Defendant, CITY OF ST. PETERSBURG is a municipality within the State of

Florida.

### GENERAL ALLEGATIONS

5.     At all times material, Defendant acted with malice and with reckless disregard for

Plaintiff's Federal protected rights.

6.     At all times material, Plaintiff was qualified to perform her job with Defendant within



the legitimate expectations of her employer.

7.     All conditions precedent to bringing this action have occurred.

8.     Plaintiff timely duel filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

9.     Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 because more than 180 days have passed since the filing of the charge.

10.     Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

11.     Plaintiff requests a jury trial for all issues so triable.

### FACTS

12.     Plaintiff, BARBARA ANN LEWIS, is African American.

13.     Plaintiff began her employment with Defendant in July 2006 as a temporary employee and became a permanent employee by the end of 2006 as a Data Entry Operator II in the Water Resources Department.

14.     On or about June 10, 2010, Plaintiff was summoned into a one and a half hour long meeting with Plaintiff's Union Representative Iselyn Boyd, Assistant Director Dwight Wilson and the Director of the department, George Cassady, to discuss the manner in which Plaintiff greeted George Cassady each morning.

15.     This meeting was not because Plaintiff did not "greet" George Cassady with a "good morning", but that she was not smiling or grinning or being bubbly enough in her greeting. Plaintiff greeted George Cassady the same way she greeted all employees and the same way as White employees greeted Mr. Cassady. Other employees had not complained of how Plaintiff greeted them

2

in the morning and no white employees were summoned to a meeting about the way they greet George Cassady.

16. Assistant Director Dwight Wilson felt that there were some underlying issues at hand and Plaintiff agreed.

17. On or about August 11, 2010 a second meeting was scheduled between Plaintiff and Assistant Director Dwight Wilson. Director, George Cassady had complained to Mr. Wilson that Plaintiff refused to speak to him. Plaintiff told Mr. Wilson that she greets Mr. Cassady the same way she greets all employees and that she feels that she is being treated differently than the white employees who greet George Cassady.

18. The meeting ended with Mr. Wilson advising Plaintiff that when she hears Mr. Cassady's footfalls coming towards her she is to raise her head from her work, initiate the greeting and then greet him with an obvious big smile and a distinct "Good Morning" and this should be performed on a daily basis and not for just one or two weeks. No White employees were required to do this.

19. Plaintiff was administered her yearly Performance Review on April 27, 2011.

20. Historically and per the employee contract between the City of St. Petersburg and the Union, the immediate supervisor is to evaluate and administer the yearly performance review, which had been done this way in the years past. Charlie Wise was Plaintiff's immediate supervisor on April 27, 2011.

21. Director George Cassady gave the directive that he would have input on Plaintiff's performance review. As the Director, Mr. Cassady had never had input on a performance review for Plaintiff or for any employee in the department that he did not supervise.

3

22.     Plaintiff's evaluation was scored a rate of 5 (5 being the highest) regarding attendance and work performance.

23.     In other areas Plaintiff was given a lower score based on "impoliteness" on occasion and that she needed to have more enthusiasm in meetings.

24.     During Plaintiff's Performance Review she was also verbally reprimanded for perceived impoliteness and not grinning or having a bubbly attitude.

25.     On or about May 17, 2011, Plaintiff filed a Charge of Discrimination based on race, Black.

26.     Through the EEOC, Plaintiff and the City of St. Petersburg agreed to a mediation to be conducted on September 14, 2011. In attendance were to be Plaintiff, the City Attorney, Pam Cichone, Robert Long and George Cassady. Although everyone agreed to participate in the mediation, George Cassady did not show up.

27.     On October 11, 2011, Plaintiff was terminated by George Cassady because he was re-organizing the department and Plaintiff's services would no longer be required.

28.     Plaintiff was replaced by two (2) Caucasian women in their early thirty's.

29.     It is upon information and belief that George Cassady has been the subject of other complaints of race discrimination and retaliation.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT
## RETALIATION

30.     Plaintiff, BARBARA ANN LEWIS re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-29.

31.     Plaintiff suffered an adverse employment action for opposing an employment

4

practice made unlawful by Florida Statutes Chapter 760.

32.   By the conduct described above, Plaintiff was terminated from her employment with Defendant CITY OF ST. PETERSBURG, as a direct result of, and in retaliation for, her reporting of and opposition to the discrimination in violation of the Florida Civil Rights Act.

33.   Defendant knew, or should have known of the discrimination.

34.   As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages;

e.   Pecuniary and non-pecuniary losses;

f.   Costs and attorneys' fees;

g.   Punitive damages; and

h.   For any other relief this Court deems just and equitable.

## COUNT II
### 42 U.S.C. §§ 1981– Retaliation

35.   Plaintiff re-alleges and adopts paragraphs 1-29 as though set forth fully herein.

36.   This is an action for damages pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1981.

37.     By the conduct described herein, under color of state law, Defendant engaged in unlawful employment practices and retaliated against Plaintiff on account of her engaging in protected conduct in violation of 42 U.S.C. §1981 for which Defendant is liable.

38.     The aforesaid unlawful acts of Defendant City of St. Petersburg were done willfully, maliciously and with thorough reckless disregard of Plaintiff's rights under federal law.

39.     Defendant knew, or should have known, of the discrimination.

40.     As a result of the aforesaid unlawful acts Plaintiff has suffered and continues to suffer pecuniary losses, including past and future income, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotion pain and suffering;

e.  Punitive damages;

f.  For costs and attorneys' fees;

g.  Injunctive relief;

h.  For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this 22nd day of August, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to: **Kimberly D. Proano, Esq., Attorney for the City of St. Petersburg**, at the following primary and secondary emails:

**kimberly.proano@stpete.org** and eservice@stpete.org

FLORIN ROEBIG, P.A.

_/s/ Christopher D. Gray_
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
CDG@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
**RACHAEL L. WOOD, ESQUIRE**
RWOOD@florinroebig.com
FL Bar No.: 54102
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000

Filing # 17449766 Electronically Filed 08/25/2014 09:38:56 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY
CIVIL DIVISION

BARBARA ANN LEWIS

        Plaintiff,

vs.                                        CASE No.: 12-6209-CI-21
CITY OF ST. PETERSBURG.,

        Defendant.
_____/

### NOTICE OF HEARING

YOU WILL PLEASE TAKE NOTICE that on the 22nd day of September, 2014, at 3:00 P.M. the undersigned will bring up for hearing, before the Honorable Jack R. St. Arnold, Circuit Court Judge, Pinellas County Courthouse, 315 Court Street, Clearwater, FL 33756, Room 468, Plaintiff's Motion for Leave to File an Amended Complaint.

15 minutes reserved.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to: **Kimberly D. Proano, Esq., Attorney for the City of St. Petersburg,** at the following primary and secondary emails:

    **kimberly.proano@stpete.org** and eservice@stpete.org

               **FLORIN ROEBIG, P.A.**

               **/s/ Christopher D. Gray**
               **CHRISTOPHER D. GRAY, ESQUIRE**
               Florida Bar No.: 902004
               CDG@FlorinRoebig.com
               **WOLFGANG M. FLORIN, ESQUIRE**
               Florida Bar No.: 907804

1

WMF@FlorinRoebig.com
**RACHAEL L. WOOD, ESQUIRE**
RWOOD@florinroebig.com
FL Bar No.: 54102
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000

2