UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA ANN LEWIS,

      **Plaintiff,**

vs.                                 Case No. 8:14-cv-02547-T-27TGW

CITY OF ST. PETERSBURG,

      **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Defendant City of St. Petersburg's Dispositive Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. 3), and Plaintiff's response (Dkt. 7). Upon consideration, the motion is **DENIED**.

### BACKGROUND

Plaintiff Barbara Ann Lewis alleges the City of St. Petersburg, her former employer, discharged her because she complained of racial discrimination. (Dkt. 2 ¶¶ 25-27). Plaintiff brings two counts: Count I alleges violations of the Florida Civil Rights Act, Fla. Stat. § 760 *et. seq.*, and Count II alleges violations of 42 U.S.C. § 1983.[1] (*Id.* ¶¶ 31, 36). This case was originally filed in state court, where Plaintiff initially raised only the FCRA claim, and Defendant's motions to dismiss and for summary judgment on the FCRA claim were denied. (Dkts. 7-3, 7-7). After the conclusion of summary judgment in state court, Plaintiff was permitted

---

[1] The complaint incorrectly states § 1981 as the basis of the claim. (Dkt. 2 ¶ 36). *See infra* note 4.

to amend her complaint to add the § 1983 claim, and Defendant thereafter removed the case to federal court. (*Id.*; Dkt. 1).

## STANDARD OF REVIEW

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). This Rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss, but this standard is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## DISCUSSION

Defendant moves to dismiss Count I, claiming Plaintiff has not pled a prima facie case of retaliation. As Plaintiff argues, however, this issue was raised and already decided in the state court proceeding, and Defendant has presented no argument that would require revisiting the

2

state court's rulings on a matter of state law.[2] *See* 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States . . . . All . . . orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). "After removal, the federal court 'takes the case up where the State court left it off.'" *Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 (U.S. 1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)); *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937) ("[W]hen a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in the federal court.").[3] This will not, however, preclude a close analysis of the parties' contentions at summary judgment.

Defendant also challenges Count II, in which Plaintiff raises a civil rights claim under 42 U.S.C. § 1983.[4] To state a claim against Defendant, Plaintiff must allege her injury resulted from a "policy or custom." *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 690 (1978); *Kelly v. Broward Sheriff's Office*, 560 Fed. Appx. 818, 821 (11th Cir. 2014). However, "a municipal official who has "final policy-making authority" in a certain area of the city's business may by his or her action subject the government to § 1983 liability when the challenged action falls within that authority." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1480 (11th Cir.

---

[2] The only exception is that punitive damages are not available against Defendant for violations of the FCRA, as Plaintiff acknowledges. (Dkt. 7 at 8). *See* Fla. Stat. § 760.11(5).

[3] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[4] The complaint actually cites 42 U.S.C. § 1981, but the parties agree that the appropriate cause of action against a state actor is § 1983, *see Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000), and the briefs on the motion to dismiss proceed as if § 1983 had been invoked. (*See* Dkts. 3, 7).

1991). Plaintiff adequately alleges that the City's policy, as executed by George Cassady, discriminated against her on the basis of race, in violation of the equal protection of the laws. (Dkt. 2 ¶¶ 14-18, 21-24, 26-28). *See Thigpen v. Bibb County, Ga., Sheriff's Dept.*, 223 F.3d 1231, 1236-37 (11th Cir. 2000) (overruled on other grounds).

CONCLUSION

Accordingly,

1) Defendant City of St. Petersburg's Dispositive Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. 3) is **DENIED**.

2) Plaintiff 's prayer for punitive damages in Count I is stricken. Count II will proceed as an action under 42 U.S.C. § 1983.

3) Defendant shall answer the complaint within fourteen (14) days.

**DONE AND ORDERED** this ___9th___ day of December, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

4